FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 11 2022

KEVIN P. WEIMER, Clerk
By: Kimberly Hatchu, Deputy Clerk

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

---

FAZAIL AZIZAN,

    Plaintiff

vs.

BMF IV EDGEWATER LLC

Defendant.

Case No. **1:22-CV-4074**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff Fazail Azizan alleges as follows:

## I. NATURE OF ACTION

1. In open defiance of federal and state fair housing and civil rights laws, Defendants BMF IV EDGEWATER LLC is refusing to renew the lease of Plaintiff Fazail Azizan, a tenant in one of Defendants' rental properties, for one reason: Mr. Azizan is an Iranian and has filed a lawsuit against the defendant in the Gwinnet County of state of Georgia and has asserted his legal rights

2. Using a series of threats and racial epithets, agent of the defendant (Property Manager) made its origin-based decision to not renew the Plaintiff's lease for purposes of revenge and retaliation. Additionally, Defendant refusing to do maintenance.

3. Plaintiff Fazail Azizan seeks declaratory relief and damages to redress Defendant' unlawful housing discrimination based on nationality in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601, et seq., and the Georgia Fair Housing Act,

GA. CODE ANN. § 8-3-200 et seq. Mr. Azizan also asserts causes of action for breach of contract.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal Civil Rights Act and Fair Housing Act claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613. This Court has supplemental jurisdiction over Plaintiff's Georgia state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is located and conduct business in this District, the events or omissions giving rise to the claims herein occurred in this District, and the properties at issue are situated in this District.

## III. PARTIES

### Plaintiff

6. Plaintiff Fazail Azizan is an Iranian American who resides at 1407 cimarron parkway, Atlanta, Georgia, Fulton County.

### Defendant

7. Defendant, BMF IV EDGEWATER LLC, is a Foreign Limited Liability Company with Registered Agent of Service in Gwinnett County of Georgia. Said defendant may be served through its Registered Agent of Service as follows: CT Corporation System 289 SOUTH CULVER STREET, LAWRENCEVILLE GA 30046

## IV. FACTS

8. Plaintiff has been living at 1407 cimarron parkway, Atlanta, Georgia, Fulton County for several years.

9. Mr. Azizan lives in said apartment with his 15 years old daughter.
10. In January 2021, Mr. Azizan noticed the leak of water and existence of sever mold in the premises and immediately notified the property manager.

11. Defendant kept ignoring the issue and took no action at all.

12. Mr. Azizan sent a written notice to the defendant via certified mail on 02-082021.

12. Defendant despite of his direct knowledge regarding the mold in the premises, did not take care of it. Plaintiff.

13. Mr. Azizan got extremely sick due to mold exposure and hired an attorney and filed a lawsuit against Defendant at Gwinnet County Court on 07-11-2022. Plaintiff is still being ongoing treatment.

14. After defendant was served with the compliant and summon of the plaintiff's lawsuit in the Gwinnet County, on 08-29-2022, Defendant in an attempt for retaliation sent a Notice of Lease None-Renewal to plaintiff, asking him to vacate the apartment on or before 10-31-2022.

15. Upon receiving the said notice, plaintiff went to the leasing office and talked with a property manager with the name of Miss. Karla Maradiaga. Miss. Maradiaga responded that he should have thought of that before he "brought that lawsuit against the property owner," Miss. Maradiaga ended the conversation saying she would call the Marshal and "have you evicted if you do not vacate property on 10-31-2022."

16. Miss. Maradiaga then repeated, "I don't allow foreigners and troublemaker in my property, and you need to start understanding that here is not Iran ... move out as fast as you can."

16. As a result of the defendant 's discriminatory conduct, Mr. Azizan experienced extreme emotional distress.

### V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

### Civil Rights Act, 42 U.S.C. § 1981

17. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

18. As described above, Defendant violated 42 U.S.C. § 3604(a), which makes it unlawful to refuse to rent a dwelling or otherwise make a dwelling unavailable to any person because of race or nationality.

19. As described above, Defendant violated 42 U.S.C. § 3604(b), which makes it unlawful to discriminate against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provisions of services and facilities in connection therewith, because of race or color or nationality.

20. As described above, Defendant violated 42 U.S.C. § 3604(c), which makes it, inter alia, unlawful to make or cause to be made any statement relating to the rental of a dwelling that indicates any preference or limitation based on race or origin.

21. As described above, Defendant violated 42 U.S.C. § 3617, which makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their Fair Housing Act rights, or on account of having exercised or enjoyed, or aided or encouraged others in exercising or enjoying any right secured by the Fair Housing Act.

### FOURTH CAUSE OF ACTION

### Georgia Fair Housing Act, Ga. Code Ann., §§ 8-3-202, 8-3-222

22. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

23. As described above, Defendant violated Ga. Code Ann. § 8-3-202(a)(1), which makes it unlawful to refuse to rent a dwelling or otherwise make a dwelling unavailable to any person because of race or color.

24. As described above, Defendant violated Ga. Code Ann. § 8-3-202(a)(2), which makes it unlawful to discriminate against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provisions of services and facilities in connection therewith, because of race or color.

25. As described above, Defendant violated Ga. Code Ann. § 8-3- 202(a)(3), which makes it, inter alia, unlawful to make or cause to be made any statement relating to the rental of a dwelling that indicates any preference or limitation based on race or nationality origin.

26. As described above, Defendant violated Ga. Code Ann. § 8-3-222, which makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their Georgia Fair Housing Act rights, or on account of having exercised or enjoyed, or aided or encouraged others in exercising or enjoying, any right secured by the Georgia Fair Housing Act.

**FIFTH CAUSE OF ACTION          Breach of Contract
and Breach of the Duty of Good Faith and Fair Dealing Implied in Every Contract**

27.     Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

.

28.     Defendants breached the contractual agreement and their duty of good faith and fair dealing by unlawfully forcing to evict Plaintiff for racially and retaliatory discriminatory purposes.

29.     Plaintiff has been harmed by Defendant' breach of the contractual rental agreement and breach of the duty of good faith and fair dealing and is entitled to damages caused by these breaches.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

30. Declaring Defendants' discriminatory practices violate the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601, et seq., and the Georgia Fair Housing Act, Ga. Code Ann. § 8-3-200 et seq.

31. Awarding such damages to Plaintiff as will fully compensate for the diversion of resources and frustration of mission caused by Defendants' unlawful practices.

32. Awarding compensatory damages, including damages for emotional distress, to Plaintiff.

33. Awarding punitive damages to Plaintiff.

34. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

35. Granting Plaintiff such other further relief as may be just and proper.

## VII. JURY DEMAND

36. Plaintiff hereby demands a trial on the merits by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted.

Fazail Azizan

this is 11th of October

1407 Cimarron parkway
Atlanta, Ga, 30350
Fazailazizan@Gmail.com
678-387-9763