UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAZAIL AZIZAN,<br><br>   Plaintiff,<br><br>v.<br><br>BMF IV EDGEWATER, LLC,<br><br>   Defendants. | CIVIL ACTION<br>FILE NO.: 1:2022-CV-04074 |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   **Plaintiff alleges Defendant refused to renew his apartment lease based upon discrimination in regards to his Iranian origin/citizenship and/or retaliation for his filing a lawsuit in Gwinnet County Superior Court, Georgia, against Defendant alleging mold infestation. Defendant denies the allegations.**

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   **Plaintiff is an Iranian American who leased certain rental property located in Fulton County, Georgia, where he resided for several years. Plaintiff alleges mold exposure while residing in the property and filed a corresponding lawsuit in the Superior Court of Gwinnett County against Defendant. Subsequently Defendant declined to renew Plaintiff's lease at the property due to alleged delinquent**

**payment history. Plaintiff alleges one of Defendant's employees discriminated against him during a subsequent in-person interaction regarding Defendant's notice of non-renewal.**

(c)   The legal issues to be tried are as follows:

**Whether or not Defendant violated:**
- **The Civil Rights Act of 1866, 42 U.S. Code § 1981 and 1982;**
- **The Fair Housing Act of 1968, 42 U.S. Code § 3601; and,**
- **The Georgia Fair Housing Act, O.C.G.A. § 8-3-200 et seq.**

**Whether or not Defendant breached any contract with Plaintiff.**

**Whether or not Defendant is entitled to recover compensatory damages, punitive damages, litigation expenses, or attorneys' fees.**

(d)   The cases listed below (include both style and action number) are:

(1)   Pending Related Cases:

**Fazail Azizan v. BMF IV GA Edgewater, LLC, Superior Court of Gwinnett County, Georgia, Civil Action File No. 22-A-05874-9**

(2)   Previously Adjudicated Related Cases:

**2.   This case is complex because it possesses one or more of the features listed below (please check):  N/A**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence

    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Howard P. Slomka**
**Howard Slomka PC**
**6400 Powers Ferry Road, Suite 200**
**Atlanta, GA 30339**
**770-856-5793**
**Howie@Slomka.us**

Defendant:

**Michael A. Sierra**
**Lewis Brisbois Bisgaard & Smith, LLP**
**600 Peachtree Street, NE**
**Atlanta, Georgia 30308**
**404.476.2001 (phone)**
**404.467.8845 (fax)**
**Mike.Sierra@LewisBrisbois.com**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes \_X\_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:
   N/A

   (b) The following persons are improperly joined as parties:
   N/A

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Defendant's name is incorrectly stated in the caption of Plaintiff's Complaint. Its complete and correct entity name is BMF IV GA Edgewater, LLC.**

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None other than to correct Defendant's name as noted in Section 5(c) above.**

   (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
 (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
 (b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
 (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
 (d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties to NOT request a scheduling conference.**

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- **Written communications between parties and witnesses;**
- **Oral communications involving parties and witnesses;**
- **Documentation related to Plaintiff's claims and Defendant's defenses, including but not limited to: witness statements, leasing and other history regarding relationship between Plaintiff and Defendant.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information?

   **X**  Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of

electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Counsel for the Parties have conferred will cooperate to gather and produce discoverable information.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format(TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties do not anticipate any disputes regarding production of ESI. Production may be made as agreed upon during discovery including via PDF and/or electronic file transfer. The parties do not require inclusion of metadata.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **Friday, January 6, 2023**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): ***Howard P. Slomka***

Other participants: **None.**

For defendant: Lead counsel (signature): ***Michael A. Sierra***

      Other participants: **None.**

    (b)  All parties were promptly informed of all offers or settlement and following discussion by all counsel, it appears that there is now:
        (_____) A possibility of settlement before discovery.
        (__X__) A possibility of settlement after discovery.
        (_____) A possibility of settlement, but a conference with the judge is needed.
        (_____) No possibility of settlement.

    (c)  Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **TBD**.

    (d)  The following specific problems have created a hindrance to settlement of this case.

**Impasse regarding alleged oral discriminatory statements forming the basis of suit.**

**14.  Trial by Magistrate Judge:**

    Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

    (b)  The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

/s/ Howard P. Slomka                /s/ Michael A. Sierra
Counsel for Plaintiff                 Counsel for Defendant

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE